UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DONALD C. SMITH and DCS CONSULTING, INC.,<br><br>   Plaintiffs,<br><br>vs.<br><br>KOHLWEISS, INC., and FRANK KOHLWEISS,<br><br>   Defendants. | Case No: C 11-00239 SBA<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE**<br><br>Docket 22. |

Plaintiffs Donald Smith and DCS Consulting, Inc. (collectively "Plaintiffs") brought this civil rights action against Defendants Kohlweiss, Inc. and Frank Kohlweiss (collectively "Defendants") pursuant to 42 U.S.C. § 1983. Dkt. 1. The parties are presently before the Court on Defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and motion to strike under California Code of Civil Procedure § 425.16. Dkt. 22. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Defendants' motion to dismiss and DENIES Defendants' motion to strike, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.     BACKGROUND**

On January 18, 2011, Plaintiffs commenced the instant action against Defendants. Compl., Dkt. 1. Plaintiffs filed an amended complaint on February 8, 2011, alleging one

claim for relief under 42 U.S.C. § 1983.  See First Amended Complaint ("FAC"), Dkt. 5.  Although not entirely clear, Plaintiffs generally allege that Defendants violated their Fourteenth Amendment property rights when Defendants caused a fraudulent writ or writs (hereafter "writ") of execution to be levied upon certain real property owned by Plaintiff Donald Smith for the purpose of enforcing a state court money judgment,[1] which resulted in Plaintiffs paying more money than they were required to pay to satisfy the judgment.  See FAC ¶¶ 1-6.

It is undisputed that the state court judgment that provides the basis for the alleged fraudulent writ of execution in this case arose out of a dispute between the parties regarding Plaintiffs sale of an automotive parts business to Kohlweiss, Inc.  Defs.' Mtn. at 1.  The modified state court judgment dated March 1, 2006, requires Plaintiffs to pay Kohlweiss, Inc. $339,832.57, plus interest.  Defs.' Request for Judicial Notice ("RJN"), Exh. F[A].[2]  The judgment also provides that Kohlweiss, Inc. must return possession of certain inventory to Plaintiffs up to the amount of $250,000.00.  Id.  The judgment states that "[t]o the extent that any portion of the inventory is no longer available, [Plaintiffs] shall receive a credit against the money owed by [Plaintiffs] . . . in an amount equal to the cost allocated to that item at the time of closing of the sale under the Agreement of Sale, along with a proportional credit for the interest owed by [Plaintiffs]. . ."  Id.  The judgment further states that "within five (5) business days after the entry of judgment, [Kohlweiss, Inc.] shall provide [Plaintiffs] . . . an inventory list showing the items that will be returned and those

---

[1] The parties do not dispute that the judgment referred to in the FAC is a money judgment obtained by Defendants against Plaintiffs in an action brought in the San Mateo County Superior Court.

[2] Defendants request that the Court take judicial notice of various documents, including the underlying modified state court judgment. Dkt. 24.  In addition to the reasons set forth below, the Court may take judicial notice of the modified state court judgment because it is referenced by the complaint and accepted by the parties as authentic.  See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003); Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002).

that are no longer available to be returned and shall include thereon the cost of the items no longer available to be returned." Id.

In the instant action, Plaintiffs allege as follows.  On or around August 27, 2007, Defendant Kohlweiss, Inc. was the Plaintiffs' judgment creditor.  FAC ¶ 1.  Defendant Frank Kohlweiss was the sole shareholder, president and managing agent of Kohlweiss, Inc. and, at all times relevant to this case, made the decisions by Kohlweiss, Inc.  Id.  According to Plaintiffs, Defendants deprived them of their property rights in violation of the Fourteenth Amendment to the United States Constitution on or around August 27, 2007 when Kohlweiss, Inc. "wrongfully ceased (sic) $82,589.90 of [P]laintiffs' money" following service of a fraudulent and excessive writ of execution by the San Mateo County Sheriff's Department to enforce the state court judgment.  See id. ¶¶ 1-4.  Plaintiffs claim that Defendants acted under of color of state law within the meaning of § 1983 because the writ was "served and processed by the San Mateo County Sheriff's department and the wrongful satisfaction of judgment was made by the County of San Mateo." Id. ¶ 3.

Plaintiffs assert that Defendants conspired to defraud them through the writ of execution by knowingly providing erroneous information to the County of San Mateo; namely, informing the County that Plaintiffs were entitled to a credit against the money judgment in the amount of $101,219.00 when Plaintiffs were actually entitled to a credit in an amount not less than $183,808.90.  FAC ¶¶ 2-3.  As a consequence of Defendants fraudulent conduct, Plaintiffs claim that Defendants wrongfully seized $82,589.90. Id. ¶ 4.  Apparently, following service of the writ of execution to enforce the state court judgment and prior to the sale of certain real property owned by Plaintiff Donald Smith in which a judgment lien was recorded, Plaintiffs paid Kohlweiss, Inc. the "erroneous" amount specified in the writ of execution, thereby resulting in Plaintiffs overpaying Defendants in the amount of $82,589.90.  See id. ¶¶ 4, 6.

Plaintiffs allege that they discovered that the writ of execution, attachment and levy were fraudulent on about July 2010, and demanded return of the wrongfully seized property on or around July 22, 2010.  FAC ¶ 5.  Plaintiffs further allege that as a direct and

proximate result of the wrongful execution they have been "deprived of the use of money, they paid interest on the money that was borrowed to satisfy the judgment and they sold assets at a loss to pay back money that was borrowed to satisfy the judgment." Id. ¶ 6.  In addition, Plaintiffs allege that Donald Smith was damaged "in that real property he owned against which a judgment lien was recorded, could not be sold to avoid tax consequences. Id.

On June 7, 2011, Defendants filed a motion to dismiss and a motion to strike.  Dkt. 22.  Plaintiffs filed an opposition on June 21, 2011.  Dkt. 28.  A reply was filed on June 28, 2011.  Dkt. 30.

## II. DISCUSSION

### A. Request for Judicial Notice

In connection with their motion to dismiss, Defendants filed a request for judicial notice pursuant to Rule 201 of the Federal Rules of Evidence.  Dkt. 24.  Defendants request that the Court take judicial notice of various documents, including pleadings and orders, filed in a related consolidated state court action entitled Kohlweiss, Inc. v. Donald Smith, et al., Case Nos. Civ. 435733 and Civ. 438390.  Plaintiffs do not object to the Court taking judicial notice of the existence of these documents.  Pls.' Opp. at 5-6.  However, they object to the Court taking judicial notice of any facts or information contained in certain documents attached to Defendants' request for judicial notice.  Id.

A court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed.R.Evid. 201(b).  The Court grants Defendants' request for judicial notice. A court may take judicial notice of court filings and other matters of public record.  See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006).  The Court notes, however, that it does not take judicial notice of the veracity of any arguments or facts presented in the documents subject to judicial notice.  See Wyatt v. Terhune, 315 F.3d 1108, 1114 n. 5 (9th Cir. 2003) (factual findings in one case ordinarily are not

admissible for their truth in another case through judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (a court may take judicial notice of another court's opinion, but not of the truth of the facts recited therein); M/V American Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1491 (9th Cir. 1983) (a court may take judicial notice of court records, but it may not take judicial notice of the truth of the contents of all documents found therein).

### B. Motion to Dismiss

#### 1. Legal Standard

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, the Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." Daniels–Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Sciences Securities Litigation, 536 F.3d 1049, 1055 (9th Cir. 2008). The complaint is properly dismissed if it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

On a Rule 12(b)(6) motion, the Court's inquiry generally is limited to the allegations in the complaint. Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). "A

court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." Ritchie, 342 F.3d at 908.

Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile. See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-1088 (9th Cir. 2002); see also Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (if a court dismisses the complaint, it should grant leave to amend, unless it determines that the pleading could not possibly be cured by the allegation of other facts).

## 2. Fourteenth Amendment § 1983 Claim

Defendants argue that the FAC is subject to dismissal because Plaintiffs' Fourteenth Amendment § 1983 claim is time-barred. The Court agrees.

A claim may be dismissed because it is barred by the relevant statute of limitations when the running of the statute "is apparent from the face of the complaint." Ledesma v. Jack Stewart Produce, Inc., 816 F.2d 482, 484 n. 1 (9th Cir. 1987). California's statute of limitations for personal injury actions governs claims brought pursuant to § 1983. Colony Cove Prop., LLC v. City of Carson, 640 F.3d 948, 956 (9th Cir. 2011). In California, personal injury claims that accrued after January 1, 2003 are subject to a two-year statute of limitations. See Cal. Code Civ. Proc. § 335.1; Canatella v. Van De Kamp, 486 F.3d 1128, 1132-1133 (9th Cir. 2007).

Even though California law determines the applicable statute of limitations, the accrual of a § 1983 cause of action is a question of federal law. Wallace v. Kato, 549 U.S. 384, 388 (2007). "Under federal law, 'a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.' " Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001). Stated somewhat differently, the Supreme Court has explained that the standard rule is that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief. Wallace, 549 U.S.

at 388.  Generally, an action accrues when the wrongful act or omission occurs and the party has sustained damages, even when the full extent of his injury is unknown.  Id. at 391.

Here, the FAC alleges that Defendants violated Plaintiffs' Fourteenth Amendment property rights on August 27, 2007 when Kohlweiss, Inc. wrongfully seized $82,589.90 following service of a fraudulent writ of execution to enforce a state court money judgment obtained against Plaintiffs.  However, because Plaintiffs did not commence the instant action until January 18, 2011, more than three years later, Plaintiffs did not file this action within the applicable two-year statute of limitations.  As such, Plaintiffs' § 1983 claim is subject to dismissal.

Plaintiffs appear to recognize that the statute of limitations, on its face, bars their § 1983 claim.  As such, they frame their argument in terms of the "discovery rule," which postpones the beginning of the limitations period from the date the plaintiff is actually injured to the date when she discovers (or reasonably should discover) she has been injured.  Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008).[3]  Under the discovery rule, the statute only begins to run once a plaintiff has knowledge of the "critical facts" of her injury, which are that she has been hurt and who has inflicted the injury.  Bibeau v. Pacific Northwest Research Foundation Inc., 188 F.3d 1105, 1108 (9th Cir. 1999), amended, 208 F.3d 831 (9th Cir. 2000).  Because the plaintiff must be diligent in discovering the critical facts, a plaintiff who did not actually know of her claim will be barred if she should have known of it in the exercise of due diligence.  Id.  A plaintiff is held to her actual knowledge as well as knowledge that could reasonably be discovered through investigation of sources open to her.  O'Connor v. Boeing North American, Inc.,

---

[3] In Merck & Co., Inc. v. Reynolds, 130 S.Ct. 1784 (2010), the United States Supreme Court explained that the discovery rule arose in fraud cases as an exception to the general limitations rule that a cause of action accrues once a plaintiff has a complete and present cause of action because "something different was needed in the case of fraud, where a defendant's deceptive conduct may prevent a plaintiff from even knowing that he or she has been defrauded."  Id. at 1793.  " '[W]here a plaintiff has been injured by fraud and remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute [of limitations] does not begin to run until the fraud is discovered.' "  Id. at 1794.  Fraud is deemed to be discovered when, in the exercise of reasonable diligence, it could have been discovered.  Id.

311 F.3d 1139, 1147 (9th Cir. 2002); see Merck, 130 S.Ct. at 1794 (the discovery rule allows a claim " 'to accrue when the litigant first knows or with due diligence should know facts that will form the basis for an action' "). The party claiming the benefit of the discovery rule has the burden of demonstrating that it applies. See O'Connor, 311 F.3d at 1150.

In their opposition, Plaintiffs contend that their § 1983 claim did not accrue under the "discovery rule" until they became aware of their actual injury when they discovered that the writ of execution was fraudulent in July 2010. The gravamen of Plaintiffs' argument is that Defendants concealed the actual amount of the inventory credit owed to Plaintiffs under the state court judgment in order to defraud Plaintiffs by inducing them to pay more money than was owed under the judgment. In this regard, Plaintiffs assert that Defendants were the only ones who knew what inventory had been sold and what credit should be given against the judgment. Pls.' Opp. at 6. Plaintiffs further assert that it was only after Defendants returned the inventory in 2010 that they determined the amount of sold inventory was greater than reflected in the memorandum of credits provided by Defendants. Id. In other words, Plaintiffs claim that they "discovered" in July 2010 that an unlawful seizure occurred in August 2007 because an additional $82,598.90 should have been given as a credit against the judgment. See id.

As relevant to the discovery rule, the FAC alleges that Defendants "conspired to defraud" Plaintiffs by knowingly providing "erroneous information" to the County of San Mateo "regarding the appropriate credit plaintiffs were entitled to receive against the [state court] judgment," which resulted in the unlawful seizure of $82,589.90 in August 2007. FAC ¶¶ 2-4. The FAC further alleges that Plaintiffs did not discover that the writ of execution Defendants obtained to enforce the state court judgment was "fraudulent" until July 2010. Id. ¶ 5.

While Plaintiffs' contend that the discovery rule applies to delay accrual of their § 1983 claim because they only learned of the facts necessary to bring this claim in July 2010, this contention has no basis in fact in the FAC. The FAC is deficient in that it is

devoid of specific allegations describing the events that occurred in 2010 that triggered accrual. That is, there are no allegations in the FAC describing the time and manner of the discovery of the "critical facts" of Plaintiffs' injury. Further, while Plaintiffs claim that they have been injured by Defendants' fraud,[4] the FAC does not contain specific allegations demonstrating that Plaintiffs have remained ignorant of Defendants' fraud without any fault or want of diligence or care on their part until the fraud was discovered in July 2010. Indeed, there are no allegations in the FAC showing Plaintiffs' inability to have discovered their injury earlier despite reasonable diligence. Plaintiffs have not alleged facts showing that, despite diligent investigation of the circumstances of their injury, they could not have reasonably discovered facts supporting their § 1983 claim within the applicable limitations period. Thus, Plaintiffs have failed to allege facts sufficient to invoke the discovery rule.

        Nor have Plaintiffs alleged facts demonstrating that equitable tolling or equitable estoppel is warranted. There are two doctrines which may apply to extend the limitations period or preclude a defendant from asserting a statute of limitations defense – equitable tolling and equitable estoppel. Lukovsky, 535 F.3d at 1051 (explaining federal version of these doctrines). " 'Equitable tolling focuses on 'whether there was excusable delay by the plaintiff: if a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs.' " Id. (quoting Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002)). " 'Equitable estoppel,

---

[4] The Court notes that to the extent Plaintiffs allege fraudulent conduct on the part of Defendants, the allegations of fraud are subject to the heightened pleading requirements of Rule 9 of the Federal Rules of Civil Procedure. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1104 (9th Cir. 2003) (Rule 9(b) requires that in all averments of fraud the circumstances constituting fraud shall be stated with particularity). Because Defendants do not contend that the averments of fraud in the FAC fail to comply with Rule 9(b), the Court need not address this issue.

on the other hand, focuses primarily on actions taken by the defendant to prevent a plaintiff from filing suit, sometimes referred to as 'fraudulent concealment.' " Id.[5]

The Court finds that Plaintiffs have not shown that they are entitled to equitable tolling or equitable estoppel. Even construing the FAC liberally, Plaintiffs have alleged no facts showing the potential applicability of these doctrines. As noted above, the FAC simply alleges that Defendants "conspired to defraud" Plaintiffs by knowingly providing "erroneous information" to the County of San Mateo "regarding the appropriate credit plaintiffs were entitled to receive against the [state court] judgment," which resulted in the unlawful seizure of $82,589.90 in August 2007, and that "[i]n or around July, 2010, plaintiffs discovered that the writ(s) of execution, attachment and levy were fraudulent." FAC ¶¶ 2-5. These allegations are insufficient to establish a factual basis for equitable tolling or equitable estoppel.

As for equitable tolling, to the extent that Plaintiffs attempt to allege fraudulent concealment as a basis for failing to timely file the instant action, the allegations of fraud in the FAC are too vague to comply with the particularity requirements of Rule 9(b). See Wasco Prods., Inc. v. Southwall Techs., Inc., 435 F.3d 989, 991 (9th Cir. 2006) (tolling of statute of limitations based on fraudulent concealment must be pled with particularity). That aside, there are no allegations demonstrating excusable delay. Plaintiffs have not alleged facts indicating that a reasonable plaintiff exercising due diligence would not have known of their claim during the limitations period.

As for equitable estoppel, Plaintiffs have not sufficiently alleged the conduct on the part of Defendants that would excuse their delay in bringing suit. See Guerrero v. Gates, 442 F.3d 697, 706-707 (9th Cir. 2006) (in order to halt the statute of limitations based on equitable estoppel, plaintiff must demonstrate that she relied on the defendant's misconduct in failing to file suit in a timely manner and plead with particularity the facts which give

---

[5] In federal civil rights actions, such as the one brought by Plaintiffs here, California's equitable tolling and equitable estoppel law applies to the extent it is not inconsistent with federal law. See Lukovsky, 535 F.3d at 1051, n. 5.

rise to the claim of fraudulent concealment). Plaintiffs have not pled particular facts demonstrating that Defendants engaged in any fraudulent conduct above and beyond the wrongdoing that forms the basis of Plaintiffs' § 1983 claim. There are no allegations in the FAC identifying fraudulent conduct by Defendants upon which Plaintiffs relied that prevented Plaintiffs from filing suit within the limitations period. Id. at 706 ("Equitable estoppel, also termed fraudulent concealment, halts the statute of limitations when there is 'active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time.").

In sum, the Court concludes that Plaintiffs have failed to allege facts sufficient to invoke the discovery rule, the doctrine of equitable tolling, or the doctrine of equitable estoppel. Therefore, Defendants' motion to dismiss is GRANTED.[6] The Court, however, will afford Plaintiffs the opportunity to plead facts in support of their position that the date of accrual was postponed until July 2010 under the discovery rule. The Court will also afford Plaintiffs the opportunity to amend their pleading to allege facts in support of equitable tolling and/or equitable estoppel. Plaintiffs may amend their FAC if, in compliance with Rule 11 of the Federal Rules of Civil Procedure, they can truthfully allege facts that would support the application of the discovery rule, equitable tolling, and/or equitable estoppel.[7]

---

[6] Although the FAC only alleges one cause of action, Plaintiffs suggest that the FAC states a cause of action for conspiracy to violate property rights under the Fourteenth Amendment. Pls.' Opp. at 2. However, in order to state an actionable conspiracy claim under § 1983, a plaintiff must allege an actionable § 1983 violation, i.e., facts sufficient to support a claim for deprivation of a constitutional right. See Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); see also San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys., 568 F.3d 725, 734, 740 (9th Cir. 2009) ("the absence of any actionable constitutional violation negates by definition the existence of a conspiracy to violate constitutional rights"). Accordingly, because Plaintiffs have failed to allege an actionable constitutional violation, they have not stated an actionable conspiracy claim.

[7] In light of the Court's determination that Plaintiffs' § 1983 claim is time-barred, the Court finds it unnecessary to reach the merits of Defendants' alternative arguments in support of dismissing Plaintiffs' claim.

**C.  Motion to Strike**

Defendants move to strike Plaintiffs' § 1983 claim under California's anti-SLAPP statute.  Cal. Code Civ. Proc. § 425.16.  However, because "a federal court can only entertain anti-SLAPP special motions to strike in connection with state law claims," Hilton v. Hallmark Cards, 599 F.3d 894, 901 (9th Cir. 2010), Defendants' motion to strike is DENIED.  See Restaino v. Bah (In re Bah), 321 B.R. 41, 46 (B.A.P. 9th Cir. 2005) (holding that the anti-SLAPP statute does not apply to federal claims); Summit Media LLC v. City of L.A., 530 F.Supp.2d 1084, 1094 (C.D. Cal. 2008) (the anti-SLAPP statute does not apply to federal question claims in federal court because such application would frustrate substantive federal rights); Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC, 634 F.Supp.2d 1009, 1016 (N.D. Cal. 2007) (same).

**III.  CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.  Defendants' motion to dismiss is GRANTED.

2.  Plaintiffs shall have twenty-one (21) days from the date of this Order to file a second amended complaint consistent with this Order.  Plaintiffs are advised that any additional factual allegations set forth in their second amended complaint must be made in good faith and consistent with Rule 11 of the Federal Rules of Civil Procedure.  Failure to timely file a second amended complaint will result in the dismissal of this action with prejudice.

3.  Defendants' motion to strike is DENIED.

4.  This Order terminates Docket 22.

IT IS SO ORDERED.

Dated: March 30, 2012

                                                 _/s/ Saundra B. Armstrong_
                                                 SAUNDRA BROWN ARMSTRONG
                                                 United States District Judge